**Janie G. HUNT, Petitioner,**

v.

**INDIANA DEPARTMENT OF STATE REVENUE, Respondent.**

**No. 02T10–9910–TA–205.**

Tax Court of Indiana.

June 30, 2003.

---

Arthur M. Weingartner, Cornelius & Weingartner, Fort Wayne, IN, Attorney for Petitioner.

Steve Carter, Attorney General of Indiana, Ted J. Holaday, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

FISHER, J.

Janie G. Hunt appeals a final determination of the Indiana Department of State Revenue (Department) finding that she, as president of Hunt's Health Care Center, Inc. (HHC), was personally liable for HHC's unpaid withholding taxes, plus penalties and interest, for the 1988 tax year. For the reasons stated below, the Court AFFIRMS the Department's final determination.

### FACTS AND PROCEDURAL HISTORY

In 1985, Hunt was the sole shareholder and president of the newly constructed HHC, a nursing home in Fort Wayne, Indiana. In 1986, Hunt hired Richard A. Smith to "provide . . . the overall management and operational supervision necessary to operate [HHC.]"[1] (Pet'r Ex. 19 at 2.) Hunt thereafter relinquished day-to-day control and authority over the operation of HHC to Smith. Moreover, Hunt agreed to vacate the nursing home and not enter it without permission of Smith.

In 1988, Hunt became concerned that Smith was not paying the withholding taxes owed by HHC. She met with Smith to discuss her concerns, after which, Smith quit as manager of HHC. Subsequently, Hunt entered HHC and wrote at least two

---

1. Hunt's agreement with Smith was a condition of the bank loan used to finance the construction of HHC.

checks to the Department for withholding taxes.[2] She also placed her own money in HHC's bank account to prevent the checks from bouncing. (Trial Tr. at 20–25, 44.)

On November 8, 1988 and May 30, 1989, the Department issued notice to HHC of additional withholding taxes due for 1988. The taxes were never paid. Approximately ten years later, on March 26, 1998, the Department issued notice to Hunt of the withholding taxes due for 1988. Hunt protested the proposed assessment, which the Department denied.

On October 19, 1999, Hunt initiated an original tax appeal. On September 8, 2000, the Court held trial. Additional facts will be supplied as needed.

## ANALYSIS AND OPINION

### Standard of Review

This Court hears an appeal from a final determination of the Department de novo. IND.CODE § 6–8.1–5–1(h); *Snyder v. Indiana Dep't of State Revenue*, 723 N.E.2d 487, 488 (Ind. Tax Ct.2000), *review denied.* The Court therefore is not bound by the evidence or the issues raised at the administrative level. *Snyder*, 723 N.E.2d at 488.

### Discussion

■ The issue is whether Hunt is personally liable for HHC's unpaid withholding taxes. Withholding taxes are imposed pursuant to Indiana Code Section 6–3–4–8(a), which provides in relevant part,

[e]very employer making payments of wages subject to tax under IC 6–3 ... who is required ... to withhold, collect, and pay over income tax on wages paid by such employer to such employee, shall, at the time of payment of such wages, deduct and retain therefrom the

amount prescribed in withholding instructions issued by the department.... Such employer making payments of any wages: [ ](1) Shall be liable to the state of Indiana for the payment of the tax required to be deducted and withheld under this section[.]

IND.CODE § 6–3–4–8(a) (1988). Any money that an employer deducts and withholds "shall immediately upon such deduction be the money of the state [and shall be held] in trust for the state of Indiana[.]" IND. CODE § 6–3–4–8(e) (1988). The law also provides that "[i]n the case of a corporate or partnership employer, every officer, employee, or member of such employer, who, as such officer, employee, or member is under a duty to deduct and remit such taxes shall be personally liable for such taxes, penalties, and interest." IND.CODE § 6–3–4–8(f) (1988).

The inquiry into whether an individual is personally liable for unpaid withholding taxes is twofold. The Court must first determine if the person "is an officer, employee, or member of the employer[.]" *Indiana Dep't of State Revenue v. Safayan*, 654 N.E.2d 270, 273 (Ind.1995). If so, then the Court must determine whether the person has the duty to remit the withholding taxes to the Department. *Id.* It is undisputed that Hunt was an officer of HHC in 1988. Thus, the question remains whether she had the duty to remit the withholding taxes to the Department.

■ The statutory duty to remit withholding taxes falls on any officer or employee who has the authority to see that they are paid. *Id.* Three factors are relevant to whether a person has such authority: (1) "the person's position within the power structure of the corporation[,]" (2) "the authority of the officer or employee as

---

**2.** On March 21, 1988, Hunt signed a $712.51 check drawn on HHC's account. On May 29,

1988, Hunt signed a $505.66 check drawn on HHC's account. (Pet'r Exs. 13–14.)

established by the articles of incorporation, bylaws, or person's employment contract[,]" and (3) "whether the person actually exercised control over the finances of the business." *Id.*

Because Hunt was the president and sole shareholder of HHC, she presumably had the authority to see that the State received the withholding taxes. *See id.* However, "[t]his presumption may be rebutted by showing that the officer did not in fact have that authority." *Id.* Hunt claims that she had nothing to do with the day-to-day operation of HHC. (Trial Tr. at 21.) Nevertheless, by her own admission, she assumed control of HHC after Smith quit in 1988. (Trial Tr. at 22.) Moreover, the record shows that Hunt exercised control over payment of the withholding taxes by (1) entering HHC to sign checks drawn on its account for payment of the withholding taxes, and (2) placing her own funds into HHC's account to cover the checks she signed. Consequently, the Court finds that Hunt was an officer of HHC who had the authority, and therefore the duty, to see that the withholding taxes were paid.[3]

█ In the alternative, Hunt argues that in spite of her duty to remit the withholding taxes, collection at this point is barred by the doctrine of laches. "Laches" is an equitable defense to stop another person from asserting a claim he would normally be entitled to assert. *Storm, Inc. v. Indiana Dep't of State Revenue,* 663 N.E.2d 552, 557 (Ind.Tax.Ct.1996).

"The rationale behind the doctrine of laches is that a person who, for an unreasonable length of time, has neglected to assert a claim against another waives the right to assert his claim when his delay prejudices the person against whom he would assert it." *Id.* "Before a court will bar a claim due to laches, it must find the presence of three elements: 1) inexcusable delay in asserting a right, 2) an implied waiver arising from knowing acquiescence in existing conditions, and 3) circumstances resulting in prejudice to the adverse party." *Id.* Hunt claims that the first element of laches is satisfied because the Department did not attempt to collect the withholding taxes from her until 1998, ten years after they were first due. Hunt is mistaken.

The record shows that the Department timely notified HHC of the delinquent withholding taxes in 1988 and 1989; Hunt, as a person responsible for remitting the withholding taxes, is presumed to have been aware of and privy to correspondences relating to her corporate duties, including notices of assessment sent to HHC. *See Ball v. Indiana Dep't of State Revenue,* 563 N.E.2d 522, 524 (Ind.1990) (holding that where notice to a corporation is sufficient, notice to the responsible officer is not required). Accordingly, the Court finds that the Department did not inexcusably delay in seeking to collect the delinquent withholding taxes. Because Hunt cannot show that the first element of laches is satisfied, her invocation of that defense must fail.[4]

---

**3.** The record shows that HHC was placed in receivership and subsequently filed for bankruptcy in March 1988. At the same time, the Indiana Department of Health required Hunt to hire an independent nursing home manager to run HHC. Hunt argues that these facts indicate that she neither had the authority nor the duty to pay the withholding taxes. Nevertheless, during the period relevant to this appeal, Hunt was the owner and an officer of HHC, and she issued checks for withholding

taxes. She also deposited her own money into HHC's bank account to cover those checks. These facts overcome any claim Hunt asserts to being a powerless third party.

**4.** Hunt also argues that the 1998 proposed assessment is untimely under Indiana Code Section 6–8.1–5–2, which states that "the department may not issue a proposed assessment . . . more than three (3) years after the latest of the date the return is filed[.]" IND.

## CONCLUSION

For the aforementioned reasons, the Court AFFIRMS the Department's final determination.

CODE § 6–8.1–5–2(a) (1998). However, the fact that the Department did not attempt to send a notice of assessment directly to Hunt until 1998 is of no consequence because timely notice to HHC in 1988 and 1989 tolled the statute of limitations with respect to Hunt. *See* *Ball v. Indiana Dep't of State Revenue,* 563 N.E.2d 522, 525 (Ind.1990). Consequently, the collection of the withholding tax delinquencies is not barred by the statute of limitations. *See id.*