ATTORNEYS FOR PETITIONER:
**ADRIANA KATZEN**
**DAVID J. LICHTENBERGER**
OFFICE OF CORPORATION COUNSEL
Indianapolis, IN

ATTORNEYS FOR RESPONDENT:
**GREGORY F. ZOELLER**
ATTORNEY GENERAL OF INDIANA
**JESSICA E. REAGAN**
DEPUTY ATTORNEY GENERAL
Indianapolis, IN

---

# IN THE
# INDIANA TAX COURT

**FILED**
May 22 2015, 2:10 pm

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| | | |
|---|---|---|
| MARION COUNTY AUDITOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cause No. 49T10-1406-TA-25 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER ON RESPONDENT'S MOTION TO DISMISS

**FOR PUBLICATION**
**May 22, 2015**

WENTWORTH, J.

The Marion County Auditor has filed an appeal with this Court challenging the constitutionality of Indiana Code § 6-1.1-15-12. In response, the State of Indiana has moved to dismiss the Auditor's appeal on three alternative grounds: 1) the Court lacks subject matter jurisdiction, 2) the Court lacks personal jurisdiction, or 3) the Auditor has failed to state a claim upon which relief can be granted. Being duly advised in all matters, the Court grants the State's motion.

# BACKGROUND

Grandville Cooperative, Inc. owns a multi-family cooperative apartment complex in Indianapolis, Indiana. In November of 2012, Grandville filed several Petitions for Correction of an Error (Forms 133) claiming that for the 2010, 2011, and 2012 tax years, the Marion County Auditor failed to provide it with the homestead deductions to which it was lawfully entitled. (See Cert. Admin. R. at 2-3, 12-13, 22-23.)

The Auditor referred Grandville's Forms 133 to the Marion County Property Tax Assessment Board of Appeals (PTABOA) for resolution. (See Cert. Admin. R. at 4, 14, 24 (indicating that both the Auditor and the Marion County Assessor believed that Grandville's property did not qualify as a homestead).) See also IND. CODE § 6-1.1-15-12(d) (2012) (stating that when both a county assessor and an auditor do not approve a taxpayer's Form 133 claim, the matter shall be referred to the county PTABOA for resolution). After conducting a hearing on the matter, the PTABOA found that Grandville's property did in fact qualify as a homestead and reversed the determination of the Auditor. (See Cert. Admin. R. at 9, 19, 29.)

The Auditor subsequently appealed the PTABOA's decision by filing Grandville's Forms 133 with the Indiana Board of Tax Review. (See Cert. Admin. R. at 1, 2, 5, 10, 12, 15, 20, 22, 25, 30.) On April 24, 2014, however, the Indiana Board dismissed the Auditor's appeal on the basis that Indiana Code § 6-1.1-15-12 did not provide her with standing to challenge the PTABOA's determination with the Indiana Board. (See Cert. Admin. R. at 61-63.)

The Auditor appealed to the Court on June 6, 2014, naming Grandville as the respondent. The Auditor's petition requested that the Court: (1) declare Indiana Code §

6-1.1-15-12 unconstitutional and (2) either remand the case to the Indiana Board to be heard on the merits or review and reverse the PTABOA's decision that Grandville's property qualified as a homestead on its own. (See Pet'r V. Pet. Judicial Review ("Pet'r Pet.") at 5 ¶ 28.)

On August 27, 2014, the Auditor and Grandville notified the Court that they had reached a settlement. The Court subsequently granted the parties sixty days to finalize their settlement and file a stipulation of dismissal. On October 30, 2014, however, the Auditor amended her petition (with leave of Court) substituting the State of Indiana for Grandville as the respondent in the appeal. The amended petition sought only a declaration from the Court that "Indiana Code § 6-1.1-15-12 . . . violates the Indiana Constitution by failing to provide [the Auditor] with an avenue of judicial review for an administrative tax determination." (See Pet'r Resp. Respt's Mot. Dismiss ("Pet'r Resp.") at 1.)

On November 24, 2014, the State moved to dismiss the Auditor's appeal pursuant to Indiana Trial Rules 12(B)(1), 12(B)(2), and 12(B)(6). The Court conducted a hearing on the State's motion on March 27, 2015. Additional facts will be supplied as necessary.

**DISCUSSION AND ANALYSIS**

**I.      SUBJECT MATTER JURISDICTION**

The State first argues that this Court lacks subject matter jurisdiction over the Auditor's appeal and that the case must therefore be dismissed pursuant to Trial Rule 12(B)(1). (See Resp't Mot. Dismiss ¶¶ 12-17, 20-21.) The State is mistaken.

Subject matter jurisdiction "refers only to the power of a court to hear and decide

3

a particular class of cases." Pivarnik v. N. Indiana Pub. Serv. Co., 636 N.E.2d 131, 137 (Ind. 1994) (emphasis added and citations omitted). "[S]ubject matter jurisdiction does not depend upon the sufficiency or correctness of the averments in the complaint, the stating of a good cause of action, the validity of the demand, or the plaintiff's right to relief." In re Adoption of H.S., 483 N.E.2d 777, 780 (Ind. Ct. App. 1985) (citations omitted). Rather, "[t]he only relevant inquiry in determining whether any court has [] subject matter jurisdiction is to ask whether the kind of claim which the plaintiff advances falls within the general scope of the authority conferred upon such court by the constitution or by statute." Pivarnik, 636 N.E.2d at 137 (emphasis added).

The Tax Court has exclusive subject matter jurisdiction over all "original tax appeals." IND. CODE §§ 33-26-3-1, -3 (2015). A case is an original tax appeal if it: 1) arises under the tax laws of Indiana and 2) is an initial appeal of a final determination made by the Indiana Board. See I.C. § 33-26-3-1.

Here, the Auditor's appeal arises under the tax laws of Indiana because it implicates the collection of property tax under Indiana Code § 6-1.1-15-12. See, e.g., State v. Sproles, 672 N.E.2d 1353, 1357 (Ind. 1996) (explaining that a case "arises under" Indiana's tax laws if it principally involves either the collection of a tax or defenses to that collection). Moreover, the Auditor received a final determination from the Indiana Board when, on April 24, 2014, the Indiana Board dismissed her appeal. The State's claim that this Court lacks subject matter jurisdiction over the Auditor's appeal is therefore without merit, and its Trial Rule 12(B)(1) motion is DENIED.

## II. PERSONAL JURISDICTION

Next, the State argues that the Auditor's appeal must be dismissed pursuant to

4

Trial Rule 12(B)(2) because the Court lacks personal jurisdiction. (Resp't Mot. Dismiss ¶ 18.) More specifically, it argues that "[p]ursuant to Indiana Tax Court Rule 4(B), neither the State nor the Auditor is a proper party to [this appeal]."[1] (See Resp't Mot. Dismiss ¶ 17.)

"Personal jurisdiction is the court's power to bring a person into its adjudicative process and render a valid judgment over a person." Brockman v. Kravic, 779 N.E.2d 1250, 1254 (Ind. Ct. App. 2002). Whether the Auditor has standing to bring her appeal, or whether she improperly named the State as the respondent, does not, however, implicate the Court's personal jurisdiction. See, e.g., McPeek v. McCardle, 888 N.E.2d 171, 173 (Ind. 2008) (explaining that an allegation that a party lacks standing to file an appeal is properly filed under Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted, not for lack of personal jurisdiction under Trial Rule 12(B)(2)); Musgrave v. State Bd. of Tax Comm'rs, 658 N.E.2d 135, 138-39 n.5 (Ind. Tax Ct. 1995) (stating that the issue of standing does not implicate the Court's personal jurisdiction); Indiana Model Co. v. State Bd. of Tax Comm'rs, 639 N.E.2d 695, 698 (Ind. Tax Ct. 1994) (explaining generally that the Tax Court acquires personal jurisdiction over a party through the service of summons); Harp v. Indiana Dep't of Highways, 585 N.E.2d 652, 659 (Ind. Ct. App. 1992) (stating that failure to name the proper party as the defendant in a complaint does not implicate a court's personal jurisdiction). Consequently, the State's Trial Rule 12(B)(2) motion is also DENIED.

---

[1] Tax Court Rule 4(B) provides that when a taxpayer initiates an original tax appeal challenging an Indiana Board final determination, she shall name the county assessor as the respondent. Ind. Tax Ct. Rule 4(B)(2). It also provides that if a government official or entity initiates the appeal, it shall name the taxpayer who was the party to the proceeding before the Indiana Board as the respondent. Tax Ct. R. 4(B)(3).

## III. FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Finally, the State argues that the Auditor does not have standing to bring her appeal. (See Resp't Mot. Dismiss ¶ 29.) As a result, the State asks that the Auditor's petition be dismissed under Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted.[2]

The judicial doctrine of standing focuses on whether the complaining party in a lawsuit is the proper person to invoke the court's power. Bielski v. Zorn, 627 N.E.2d 880, 888 (Ind. Tax Ct. 1994). More specifically, it "insure[s] that the party before the court has a substantive right to enforce the claim that is being made in the litigation." Pence v. State, 652 N.E.2d 486, 487 (Ind. 1995). A party's standing to sue is conferred through either statutory or common law authority. See In re Guardianship of A.J.A., 991 N.E.2d 110, 112-13 (Ind. 2013); Schloss v. City of Indianapolis, 553 N.E.2d 1204, 1206 (Ind. 1990) (explaining that under the latter, a plaintiff must demonstrate a personal stake in the outcome of the lawsuit and that she has sustained or is in immediate danger of sustaining, some direct injury as a result of the conduct at issue). See also Ohio Valley Associated Builders & Contractors v. Kuempel, 949 N.E.2d 582, 587 (Ohio Ct. App. 2011) (stating that standing "does not flow from the common-law 'personal stake' doctrine alone[; i]t also may be conferred by a specific statutory grant of authority"

---

[2] Alternatively, the State has argued that the Auditor's case must be dismissed under Trial Rule 12(B)(6) because there is a general constitutional bar prohibiting declaratory judgments against the State. (See Resp't Mot. Dismiss ¶¶ 30-34.) During the hearing, the Auditor responded to this argument by moving to amend her petition (again) to substitute a state official for the State as the named respondent. (See Hr'g Tr. at 29-32 (citing, inter alia, State v. LaRue's, Inc., 154 N.E.2d 708, 712 (Ind. 1958) for the proposition that while an action for declaratory judgment cannot be brought against the State, it can be brought against state officials as individuals in their official capacity).) Given the Court's disposition of the standing issue, however, it does not need to address the State's alternative argument and it denies the Auditor's motion.

6

(internal quotations and citations omitted).)

Indiana Code § 6-1.1-15-12 permits only taxpayers to appeal to the Indiana Board from a PTABOA determination on a Form 133. I.C. § 6-1.1-15-12(e). See also Musgrave, 658 N.E.2d at 141. Consequently, the Auditor lacks statutory standing to appeal the PTABOA's determination on Grandville's Forms 133 to the Indiana Board and, ultimately, to this Court. The Auditor acknowledges as much. (See Pet'r Pet. at 3 ¶ 18.)

Despite the lack of statutory standing, the Auditor urges the Court not to dismiss her case because she has "traditional standing" in that she has been "aggrieved" (i.e., she has suffered an injury). (See Hr'g Tr. at 21.) Specifically, she states:

> Under [Indiana Code § 6-1.1-15-12] . . . [a] taxpayer can appeal [a] PTABOA [Form 133 decision] to the Indiana Board of Tax Review. If a taxpayer remains unsatisfied after th[is] administrative review process[], he or she may seek judicial review with the Indiana Tax Court. From there, [he or she may] go to the Indiana Supreme Court, and then, of course . . . may petition the United States Supreme Court for certiorari. However, [Indiana Code § 6-1.1-15-12] does not provide a similar remedy to [county auditors and assessors across the State] nor does it provide [them] with a direct avenue for judicial review of a PTABOA determination, effectively foreclosing [them] from judicial review of an administrative tax determination . . . [A]s a result . . . [Indiana Code § 6-1.1-15-12] is invalid under the Indiana Constitution. . . . Th[is] issue before the Court affects all county auditors across the State and is likely to recur. Thus, this Court should . . . address the merits of [my] claims[.]

(Pet'r Resp. to Resp't Mot. Dismiss ("Pet'r Resp.") at 1-2 (internal citations omitted).)

(See also Hr'g Tr. at 18-21.) The Auditor claims the following cases support her position: State ex rel. Attorney General v. Lake Superior Court, 820 N.E.2d 1240 (Ind. 2005), cert. denied, 546 U.S. 927 (2005), State v. Sproles, 672 N.E.2d 1353 (Ind. 1996), State ex rel. State Bd. of Tax Comm'rs v. Marion Superior Court, Civil Division, Room

7

No. 5, 392 N.E.2d 1161 (Ind. 1979), and State Bd. of Tax Comm'rs v. Indianapolis Lodge No. #17, Loyal Order of Moose, Inc., 200 N.E.2d 221 (Ind. 1964). (See, e.g., Pet'r Resp. at 3, 5-6; Hr'g Tr. at 21-22.) More specifically, she explains that under Marion Superior Court, governmental officials have standing to challenge the constitutionality of statutes in a court of law, and that Lake Superior Court and Sproles merely clarify that a challenge to the constitutionality of a tax statute lies in the Tax Court. (See Pet'r Resp. at 3, 5.) The Auditor also explains that under the Indianapolis Lodge case, her constitutional right to judicial review of an administrative decision cannot be denied. (Pet'r Resp. at 6.)

Determining whether an Indiana tax statute is unconstitutional is, indeed, an issue that is within this Court's exclusive purview. See, e.g., Sproles, 672 N.E.2d at 1357, 1362. Nonetheless, as a creature of statute, the Court's jurisdiction is conferred by statute. As such, the Court may only decide such an issue when a case containing the claim is properly before it (i.e., when the case has been filed in compliance with all statutory requirements). See id. at 1361 (explaining, for example, that a case is not properly before the Tax Court if the litigant failed to exhaust administrative remedies first). See also Packard v. Shoopman, 852 N.E.2d 927 (Ind. 2006), K.S. v. State, 849 N.E.2d 538 (Ind. 2006), Wayne Cnty. Prop. Tax Assessment Bd. of Appeals v. United Ancient Order of Druids-Grove No. 29, 847 N.E.2d 924 (Ind. 2006) (all explaining that certain types of legal error or procedural defects (if timely objected to) can prevent the Tax Court from deciding the merits of a case). By its plain terms, Indiana Code § 6-1.1-15-12 denies standing to the Auditor to appeal the PTABOA's decision on Grandville's Forms 133 to this Court. Consequently, the fact that she is a governmental official who

8

is challenging the constitutionality of a statute is of little significance here. See Musgrave, 658 N.E.2d at 141 (stating that county and township governmental officials have no common law right to appeal a PTABOA's decision on a Form 133 to the Indiana Board); In re Vistation of J.D.G., 756 N.E.2d 509, 511-12 (Ind. Ct. App. 2001) (explaining that when a statute denies standing to a particular party, that party's petition must be denied as a matter of law).

Moreover, while the Auditor is correct in her assertion that orders of an administrative body are constitutionally subject to judicial review, the Indiana Supreme Court has explained that this is so "to meet the requirements of due process." Warren v. Indiana Tel. Co., 26 N.E.2d 399, 404 (Ind. 1940). Here, however, the Auditor has not provided the Court with any argument as to how her due process rights have been violated. (See Pet'r Resp.; Hr'g Tr.) See also, e.g., Perdue v. Gagano, 964 N.E.2d 825, 832 (Ind. 2012) (explaining that when a plaintiff makes a due process challenge, it must first show that it has been deprived of a protected interest in either "property" or "liberty"). The Court will not make the Auditor's case for her.

**CONCLUSION**

This Court is a creature of statute. As such, it may only determine the constitutionality of Indiana Code § 6-1.1-15-12 when a case containing such a claim is properly before it. Here, the Auditor does not have statutory or common law standing to appeal the PTABOA's decision on Grandville's Forms 133 to this Court. Accordingly,

9

the issue of whether Indiana Code § 6-1.1-15-12 is unconstitutional must be decided another day.[3] The State's motion to dismiss the Auditor's appeal pursuant to Trial Rule 12(B)(6) is hereby GRANTED.

SO ORDERED this 22nd day of May, 2015.

_____
Martha Blood Wentworth, Judge
Indiana Tax Court

Distribution:

Adriana Katzen, David J. Lichtenberger, Jessica E. Reagan, James F. Beatty, Jessica L. Findley, Donald D. Levenhagen, Kathryn Merritt-Thrasher, and Megan M. Piazza.

---

[3] The Auditor has asked the Court to declare Indiana Code § 6-1.1-15-12 unconstitutional but that very statute bars the Court from deciding the issue. The irony of this situation is not lost on the Court. Nonetheless, the Auditor's remedy lies with the Indiana General Assembly.