ATTORNEY FOR PETITIONERS:
**G. JAYSON MARKSBERRY**
MARKSBERRY LAW OFFICE, LLC
Brownsburg, IN

ATTORNEYS FOR RESPONDENT:
**GREGORY F. ZOELLER**
ATTORNEY GENERAL OF INDIANA
**JESSICA R. GASTINEAU**
DEPUTY ATTORNEY GENERAL
Indianapolis, IN

---

# IN THE
# INDIANA TAX COURT

**FILED**

Nov 20 2015, 12:28 pm

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

---

| | | |
|---|---|---|
| J.S. MARTEN, INC., JANICE S. MARTEN, and CHRISTOPHER M. MARTEN, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Cause No. 49T10-1301-TA-00008 |
| INDIANA DEPARTMENT OF STATE REVENUE, | ) ) ) | |
| Respondent. | ) ) | |

---

## ORDER ON RESPONDENT'S MOTION TO DISMISS

---

**FOR PUBLICATION**
**November 20, 2015**

FISHER, Senior Judge

J.S. Marten, Inc., Janice S. Marten, and Christopher M. Marten (the Martens) have appealed the Indiana Department of State Revenue's denial of their claim for a refund of sales tax remitted for the 2004, 2005, and 2006 tax years ("the years at issue"). The matter, currently before the Court on the Department's Motion to Dismiss, presents two issues: 1) whether the Court has subject matter jurisdiction over the Martens' appeal; and, if so, 2) whether the Martens have failed to state a claim upon which relief can be granted.

**FACTS AND PROCEDURAL HISTORY**

During the years at issue, the Martens operated a retail store and sold tangible personal property to customers in Indiana. (See Pet'rs' V. Pet. Judicial Review Final Determination [Department] ("Pet'rs' V. Pet."), Attach. Final Order Denying Refund at 2.) Between July and October of 2008, the Martens remitted, in five separate payments, $162,529.11 in sales tax to the Department for the years at issue. (See Pet'rs' V. Pet., Attachs. J.S. Marten IDOR Timeline at 2-3 and Final Order Denying Refund at 2-3.) On January 1, 2012, the Martens filed a refund claim with the Department seeking to recover $162,396.34 of those payments. (See Pet'rs' V. Pet., Attach. Final Order Denying Refund at 2.) On October 26, 2012, after conducting a hearing, the Department denied the Martens' refund claim, concluding that it had not been timely filed under Indiana Code § 6-8.1-9-1. (See Pet'rs' V. Pet., Attach. Final Order Denying Refund.)

On January 24, 2013, the Martens initiated an appeal. On February 27, 2013, the Department moved to dismiss the Martens' appeal. On November 5, 2015, after settlement negotiations failed, the Court conducted a hearing on the motion to dismiss. Additional facts will be supplied as necessary.

**DISCUSSION AND ANALYSIS**

**1) Subject Matter Jurisdiction**

The Department first argues that this Court lacks subject matter jurisdiction over the Martens' appeal because they failed to comply with a statutory prerequisite for initiating it: they did not file a timely claim for a refund of sales tax. (See Resp't Mot. Dismiss ¶¶ 5-14; Mem Supp. Resp't Mot. Dismiss.) The Department is mistaken.

"Subject matter jurisdiction 'refers <u>only</u> to the power of a court to hear and decide a particular class of cases.'" <u>Marion Cnty. Auditor v. State</u>, 33 N.E.3d 398, 400 (Ind. Tax Ct. 2015) (<u>quoting</u> <u>Pivarnik v. N. Ind. Pub. Serv. Co.</u>, 636 N.E.2d 131, 137 (Ind. 1994)). Subject matter jurisdiction does not depend upon the sufficiency or correctness of the averments in the petition, the stating of a good cause of action, or the validity of the petitioner's demand or right to relief. <u>Id.</u> (<u>citing</u> <u>In re Adoption of H.S.</u>, 483 N.E.2d 777, 780 (Ind. Ct. App. 1985)). "Rather, '[t]he <u>only</u> relevant inquiry in determining whether any court has [] subject matter jurisdiction is to ask whether the kind of claim which the [petitioner] advances falls within the general scope of the authority conferred upon [the] court by the constitution or by statute.'" <u>Id.</u> (<u>quoting</u> <u>Pivarnik</u>, 636 N.E.2d at 137).

The Tax Court has exclusive subject matter jurisdiction over all "original tax appeals." IND. CODE §§ 33-26-3-1, -3 (2015). A case is an original tax appeal if it arises under the tax laws of Indiana and is an initial appeal of a final determination made by the Department regarding the listed taxes. <u>See</u> I.C. § 33-26-3-1(1).

Here, the Martens' appeal arises under the tax laws of Indiana because an Indiana tax statute, Indiana Code § 6-8.1-9-1, created their right of action. <u>See</u> <u>State ex rel. Zoeller v. Aisin USA Mfg., Inc.</u>, 946 N.E.2d 1148, 1152 (Ind. 2011) (explaining that a case "arises under" Indiana's tax laws if an Indiana tax statute creates the right of action). Moreover, the Martens received a final determination from the Department when, on October 26, 2012, the Department denied their refund claim. The Department's claim that the Martens' appeal should be dismissed because the Court lacks subject matter jurisdiction is therefore DENIED.

3

## 2) Failure to State a Claim

Next, the Department argues that the Martens' appeal should be dismissed because they failed to state a claim upon which relief can be granted. (See Resp't Mot. Dismiss ¶¶ 8-17.) See also Putnam Cnty. Sheriff v. Price, 954 N.E.2d 451, 453 (Ind. 2011) (explaining that a petition may be dismissed for failure to state a claim when it is apparent that its factual allegations are incapable of supporting relief under any set of circumstances). More specifically, the Department claims that the Martens are not entitled to a refund because there is no dispute that the Martens paid sales tax in 2008, but did not file their refund claim until 2012. (See Resp't Mot. Dismiss ¶¶ 8-17; Hr'g Tr. at 6.) See also IND. CODE § 6-8.1-9-1(a) (2004) (providing that "in order to obtain [a] refund, [a] person must file [a] claim [for a refund of tax] with the [D]epartment within three (3) years after the latter of the following: (1) [t]he due date of the return[ or] (2) [t]he date of payment") (emphasis added).

Despite the untimely filing, the Martens have asked the Court to allow their appeal to proceed because they have presented a plausible, alternative basis for relief: that the Department should be estopped from raising a statute of limitations defense based on its hearing officer's statements that their refund claim was timely filed. (See Pet'rs' Resp. Mot. Dismiss ("Pet'rs' Br.") at 3-4; Hr'g Tr. at 6, 9-12.) Moreover, the Martens contend that their case should proceed given its "extraordinary procedural history" that "involves document production issues with [the Department] and a potential breakdown of policy and procedure at every step of the administrative process." (See Pet'rs' Br. at 3-5.)

Equitable estoppel is a doctrine under which a person may be precluded - by his

act, conduct, or silence when it is his duty to speak - from asserting a right that he otherwise would have had.   Izaak Walton League of Am. v. Lake Cnty. Prop. Tax Assessment Bd. of Appeals, 881 N.E.2d 737, 743 (Ind. Tax Ct. 2008).  Previously, this Court explained:

> The elements of equitable estoppel are:  (1) a representation or concealment of material fact; (2) made by a person with knowledge of the fact and with the intention the other party act upon it; (3) to a party ignorant of the fact; (4) which induces the other party to rely or act upon it to his detriment.
>
> Equitable estoppel cannot ordinarily be applied against government entities.  The reason for this general rule is twofold.  If the government could be estopped, then dishonest, incompetent or negligent public officials could damage the interests of the public.  At the same time, if the government were bound by its employees' unauthorized representations, then government itself, could be precluded from functioning.
>
> However, application of the doctrine against the government is not absolutely prohibited.  The exception to the general rule exists where the public interest would be threatened by the government's conduct.

Id. (quoting Hi-Way Dispatch, Inc. v. Indiana Dep't of State Revenue, 756 N.E.2d 587, 598-99 (Ind. Tax Ct. 2001)).  Thus, to defeat the Department's motion to dismiss, the facts alleged in the Martens' petition must, at the very least, address the elements of estoppel and offer a public policy reason for application of the doctrine.  See, e.g., id. See also Medco Health Solutions, Inc. v. Indiana Dep't of State Revenue, 9 N.E.3d 263, 264 (Ind. Tax Ct. 2014) (explaining that in ascertaining the legal sufficiency of a claim, the Court will look only to the petition and its written attachments and may not resort to any other evidence in the record).

The Martens' petition, in relevant part, provides:

> The facts of the case were ignored and not substantiated.  The

questions asked of the [Department] were ignored and not answered, the final order denying the refund has many errors and incorrect statements[;]

\* \* \* \* \*

The colossal incompetence and continued cover up by the [Department], [] can be documented and will be presented at trial. The [Department] states they are not governed by the State of Indiana[;]

\* \* \* \* \*

The petitioner[s] initially contacted John Eckart, the [] commissioner of the [Department] to request the refund. Commissioner Eckart advised the request was being reviewed, after over a 10 month period of time then told by Patricia Chen Associate Hearing Officer, that the claim was not filed in a timely manner. However, at a face to face meeting with Chen and her assistant, Mr. William B. Long, also representing the [Department], the Marten's [sic] and the legal counsel for the Marten's [sic] Mr. Jeff Adams, were repeatedly told that the claim was within the statute[;]

Mr. Doug Klitzke attempts to exercise more power than the Commissioner of the [Department]. Mr. Klitzke has consistently shown prejudicial behavior and views his decisions above any law of the State of Indiana and its citizens. This attitude of Klitzke is easily proven through documentation that will be presented during the hearing with the Tax Court. Mr. Klitzke['s] personal bias and bullying tactics are not new tactics in the Indiana legal community or the state tax arena[; and]

The [Department] claims a lack of records and documents were never provided when in actuality everything ever requested was supplied. The true issue is that more than 45 people have attempted to have a say in the outcome of this tax matter. NEVER at any time was an official audit provided to: J.S. Marten, Marten's [sic] personally, or any legal counsel and more importantly to the court and judge in the State of Indiana. J.S. Marten Inc. books were prepared by a reputable CPA firm but the [Department's] alleged audit (once again NEVER produced) was reviewed by a non-CPA bookkeeper. Documents will be provided in court to substantiate statements.

(Pet'rs' V. Pet. at 1-2.) While the Martens' petition indicates that their interactions with

6

the Department both during and after the administrative process left them feeling particularly aggrieved, it neither addresses the elements of equitable estoppel nor identifies a public policy basis for application of the doctrine. In fact, the Martens' petition does not actually present a claim for equitable estoppel at all because it alleges that the purported act upon which the Martens relied, the hearing officer's statement that their refund claim was timely filed, occurred <u>after</u> they filed their refund claim. (<u>See</u> Pet'rs V. Pet. ¶ 7.) Consequently, the hearing officer's statement had no bearing on when the Martens filed their refund claim.

## CONCLUSION

The facts alleged in the Martens' petition do not rebut the fact that their refund claim was not timely filed nor do they raise an alternative basis for relief. Accordingly, the Department's Motion to Dismiss on the basis that the Martens failed to state a claim upon which relief can be granted is hereby GRANTED.

SO ORDERED this 20th day of November 2015.

_____
Thomas G. Fisher, Senior Judge
Indiana Tax Court

DISTRIBUTION:
G. Jayson Marksberry, Jessica R. Gastineau

7