ROWLAND, OFFICER OF ALLIED HIGHWAY EQUIPMENT, INC.,
APPELLEE, *v.* COLLINS, TAX COMMR., APPELLANT.

(No. 76-694—Decided December 22, 1976.)

*Messrs. Lutz & Oxley* and *Mr. Howard S. Lutz*, for appellee..

*Mr. William J. Brown*, attorney general, and *Mr. Clinton J. Miller, III*, for appellant.

*Per Curiam.* The first issue presented is whether the Board of Tax Appeals' decision that a corporate officer properly assessed* pursuant to R. C. 5739.33 may challenge the basis of a conclusive assessment against the corporation is reasonable and lawful.

The assessment against Allied was not contested; therefore, it became "due and payable" according to the express language of R. C. 5739.13. When the assessed tax was not remitted by Allied, the commissioner employed R. C. 5739.33 and sought payment from the taxpayer personally.

R. C. 5739.33 provides that "[i]f any corporation required * * * to remit tax due to the state under the provisions of Sections 5739.01 to 5739.31, inclusive, of the Revised Code, fails for any reason to make such * * * payment * * *," then the responsible corporate officer or employee shall be personally liable. (See *Weiss* v. *Porterfield* [1971], 27 Ohio St. 2d 117.) R. C. 5739.33 provides further that "[t]he sum due for such liability may be collected by assessment in the manner provided in Section 5739.13 of the Revised Code."

In its entry the Board of Tax Appeals held that Rowland was amenable to the provisions of R. C. 5739.33. However, the board also held that the taxpayer could chal-

---

*In his brief to this court, appellee urges that he is not an officer "having control or supervision of or charged with the responsibility of filing returns and making payments" within the meaning of R. C. 5739.33. Appellee did not exercise his right, pursuant to R. C. 5717.04, and Section 4, Rule I, of the Rules of Practice of the Supreme Court, to file a conditional notice of cross-appeal herein. Therefore, we do not consider his argument relative to this assertion. For the same reason, we disregard appellee's belated contention that the commissioner is estopped from assessing a corporate officer by the commissioner's partial settlement with the trustee in bankruptcy.

lenge the basis of the prior conclusive assessment against the corporation via a petition for reassessment. We disagree with the latter conclusion.

Clearly, appellee's liability for the overdue sales, tax is derivative in nature. The separate identities of corporation and officer are thus irrelevant in this context. Once the assessment against the corporation becomes conclusive by the failure to present objections thereto the officer is bound by the oscitancy of his corporation. We construe the reference to R. C. 5739.13 contained within R. C. 5739.33 merely to allow the corporate officer 30 days after receipt of notice of assessment to assert that he is not one of the class of persons chargeable under R. C. 5739.33.

The next question presented by this cause is whether R. C. 5739.03 required the commissioner to issue to appellee a statutory notice of intention to levy a sales tax assessment (hereinafter a "60-day letter").

After the Board of Tax Appeals decided that the taxpayer could challenge the basis of the assessment against the corporation, it concluded that "[b]y the clear command of Section 5739.03, Ohio Revised Code, notice must precede the assessment; having not so preceded it in this matter, the assessment must be set aside."

R. C. 5739.03 provides, in part:

"* * * [T]he tax imposed by or pursuant to Section 5739.02 or 5739.021 of the Revised Code shall be paid by the consumer to the vendor, and each vendor shall collect from the consumer, as a trustee for the state of Ohio, the full and exact amount of the tax payable on each taxable sale * * *.

"* * *

"If any sale is claimed to be exempt under division (E) of Section 5739.01 of the Revised Code or under Section 5739.02 of the Revised Code, with the exception of divisions (B)(1) to (B)(11), inclusive, of Section 5739.02, the consumer must furnish to the vendor, and the vendor must obtain from the consumer, a certificate * * *. The failure to have so furnished, or to have so obtained, a certificate

shall not prevent a vendor or consumer from establishing that the sale is not subject to the tax within sixty days of the giving of notice by the commissioner of intention to levy an assessment, in which event the tax shall not apply."

R. C. 5739.01 defines "vendor" and "consumer" in the following manner:

"(C) 'Vendor' means the person by whom the transfer effected or license given by a sale is or is to be made or given * * *.

"* * *

"(D) 'Consumer' means the person to whom the transfer effected or license given by a sale is or is to be made or given * * *."

It is apparent that the corporation herein, Allied, was the "vendor," not the taxpayer. Therefore, R. C. 5739.03 did not require that a 60-day letter precede the assessment against Rowland.

Although the taxpayer, in the language of the board, "stands charged in the stead of the corporation," we hold that a corporate officer made personally liable pursuant to R. C. 5739.33 is not entitled to all the procedural and substantive rights afforded a "vendor" by R. C. Chapter 5739.

The decision of the Board of Tax Appeals, being unreasonable and unlawful, is hereby reversed.

*Decision reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, STEPHENSON and P. BROWN, JJ., concur.

STEPHENSON, J., of the Fourth Appellate District, sitting for W. BROWN, J.