**William H. BALL, Jr., Petitioner,**

v.

**INDIANA DEPARTMENT OF REVENUE, Respondent.**

No. 49T05–8708–TA–00031.

Tax Court of Indiana.

June 27, 1988.

A. Thomas Cobb, Edward B. Hopper, II, Hopper & Cobb, Indianapolis, for petitioner.

Linley E. Pearson, Atty. Gen. by James R. Green, Kim O. Laurin, Deputy Attys. Gen., Indianapolis, for respondent.

FISHER, Judge.

The taxpayer, William Ball, appeals the final determination of the Indiana Depart-

ment of State Revenue, which denied his claim for refund of sales and withholding taxes.

The questions presented by this case are:

1) Is notice to the corporation notice to the responsible officer;

2) Does the Department violate the taxpayer's right to due process when it proceeds with collection efforts after notice has been returned unclaimed;

3) Is collection barred by the statute of limitations; and

4) Should interest and penalties be abated because the taxpayer had no specific notice of his personal liability for the taxes.

Ball was president and majority shareholder of Huddle Systems, Inc. Huddle was delinquent in remitting sales and withholding tax in 1975, 1977, and 1978. The Department initiated timely collection procedures against Huddle.

The Department sent Huddle notice of tax due (Form CS–80), which informed Huddle of its delinquency and its right to either pay the tax within thirty days or protest the tax and request a hearing. Huddle neither protested the tax nor requested a hearing. Next, the Department sent Huddle notice of assessment (Form CS–40), which was a demand for payment within ten days. Huddle did not respond. Finally, the Department issued tax warrants for the amounts owed by Huddle. The warrants were issued to the Marion County sheriff, who filed them with the clerk of the Marion Circuit Court. The clerk entered the warrants in the judgment docket.

Huddle failed to satisfy the majority of the warrants. It filed bankruptcy in 1979. In November 1978, the Department sent Ball notice of tax due (Form CS–80) for the amount left unpaid by Huddle. The Department sent the notice by certified mail, return receipt requested. The notice was returned unclaimed in December. The Department checked Ball's address, but found no error. Notice of assessment (Form CS–40) was sent to the same address in January 1979. Ball did not remember receiving the CS–40, but he did refer to it in a letter

he wrote to the Department on Huddle's behalf. He took no further action with respect to the delinquent taxes. In September 1979, the Department issued tax warrants against Ball, which were entered in the judgment docket.

Upon his mother's death in 1985, Ball gained access to assets in a family trust, on which the sheriff levied shortly thereafter. In August 1986, Ball satisfied the warrants. He then filed a claim for refund, which the Department denied. This appeal followed.

Ball contends that the Department's failure to assure that he received notice of his personal liability for Huddle's taxes constitutes a violation of due process. He also argues that collection was barred by the statute of limitations because notice of assessment was not sent to him within three years of the date the return was filed. In the alternative, he argues that the interest and penalties accrued after 1979 should be abated because he had no notice of his personal liability for the tax.

The Department argues that the taxpayer was not deprived of due process when he did not receive notice of his personal liability for Huddle's taxes. The Department also argues that notice to Huddle constitutes notice to the responsible officer, Ball. The Department contends that collection procedures against Ball were not barred by the statute of limitations because timely collection procedures were made against Huddle.

*I. Notice To The Corporation & Notice To The Officer.*

■ The parties' dispute centers on their respective interpretations of *Van Orman v. State* (1981), Ind.App., 416 N.E.2d 1301. Van Orman, president of the corporation, argued that he was not personally liable for the corporation's unpaid sales taxes because he had not received notice of the assessment. Notice of assessment against the corporation was sent to the corporation in care of Van Orman's personal and corporate attorney. The corporation requested a hearing, in which Van Orman was a partici-

pant. Judgment was later entered against the corporation. Six years later, an action was filed against Van Orman as responsible officer. The court held that notice to Van Orman was unnecessary:

> Although IC 1971, 6–2–1–49 (now repealed) is silent as to the provision of personal notice of the assessment and a demand for payment, it would not be unreasonable to conclude Van Orman, as president and general manager of Van Orman Enterprises, Inc., was obviously aware that the corporation had failed to pay the sales and use tax during the period in question. He not only signed the protest to the State's assessment, but he participated in the hearing on the assessment. To say that Van Orman was unaware of the corporation's failure to pay the tax or to contend that he was unaware of his personal liability, in the face of IC 1971, 6–2–1–49 (now repealed), is ludicrous. All persons are charged with the knowledge of the rights and remedies prescribed by statute. *Middleton Motors, Inc. v. Ind. Dept., Etc.* (1978) Ind. [269 Ind. 282], 380 N.E.2d 79, 81. The clear pronouncement of the statute is, *ipso facto,* sufficient notice that a duty exists to remit the tax fund held in trust. No personal notice of the assessment is required.

*Id.* at 1306.

The court in *Van Orman* construed IC 6–2–1–49 as not requiring personal notice when it stated that "the statute is, *ipso facto,* sufficient notice that a duty exists to remit the tax fund held in trust." *Id.*

Other state courts which have addressed the issue have reached similar conclusions. In *Keith v. Department of Treasury* (1987), 165 Mich.App. 105, 418 N.W.2d 691, the Michigan Court of Appeals held that notice to the corporation was notice to the responsible officer. The court reasoned that

> [a] corporate officer's tax liability under the statute is clearly derivative in nature. Furthermore, because only those corporate officers who are responsible for the preparing of sales tax returns and the payment of taxes may be held personally liable for the corporation's unpaid tax liability and such an officer should be privy to the information contained in the notice of final assessment issued to the corporation, it follows that proper notice to the corporation can be reasonably expected to reach the corporate officers.

*Id.* 418 N.W.2d at 693.

The Ohio Supreme Court reached a similar conclusion in *Rowland v. Collins* (1976), 48 Ohio St.2d 311, 358 N.E.2d 582. Although the statute in *Rowland* required that a responsible officer be assessed in the same manner as other taxpayers, the court held that "a corporate officer made personally liable pursuant to R.C. 5739.33 is not entitled to all the procedural and substantive rights afforded a 'vendor' by R.C. Chapter 5739." *Id.* 358 N.E.2d at 584. Furthermore, the court held that the scope of any hearing permitted under the statute was limited to the question of determining whether the taxpayer was a responsible officer. The court reasoned that the taxpayer's "liability for the overdue sales tax is derivative in nature. The separate identities of the corporation and officer are thus irrelevant in this context. Once the assessment against the corporation becomes conclusive by the failure to present objections thereto the officer is bound by the oscitancy of his corporation." *Id.*

*Van Orman* must be read in light of *Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865. In *Mullane,* the Supreme Court of the United States held that adequate notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." 339 U.S. at 314, 70 S.Ct. at 657. When notice to the corporation is notice to the officer, the officer is apprised of the amount assessed against the corporation. Because his personal liability for the tax is purely derivative, he is also effectively apprised of his potential personal liability for the amount assessed against the corporation. Notice to the corporation is therefore reasonably

calculated to apprise the responsible officer of his personal liability for corporate tax.

The court recognizes that *Van Orman* does not address the issue of whether lack of notice of personal liability violates the due process rights of a person who denies that he is a responsible officer. Since Ball has never disputed that he is the responsible officer, the court leaves resolution of that issue for another day.

## II. Unclaimed Notice.

■ Ball claims that the Department violated his right to due process by proceeding with collection efforts after the notice of tax due was returned to the Department unclaimed. He is correct in stating that notice is the primary element of due process and that the opportunity to be heard requires notice. But Ball argues further that once the Department received the unclaimed notice, it was required to personally serve him with notice in order to comply with the demands of due process.

Ball's argument refers to the notice of assessment sent to Ball, not Huddle. If notice to Huddle is notice to Ball, then whether notice to Ball was ever actually received by him is of no consequence for due process purposes. Ball received all the process that was due when the Department sent the notice to Huddle. Therefore Ball was not deprived of due process for failure to receive notice.

## III. Statute of Limitations.

■ Ball argues that collection was barred by the statute of limitations because he did not receive notice of assessment within three years of the date the last return was filed. In *Van Orman,* the court held that the statute of limitations did not apply to the responsible officer's assessment because the Department was not required to give a separate notice to the responsible officer. The court held instead that so long as the judgment lien was good against the corporation, the Department was free to bring action against the taxpayer to collect the tax. *Van Orman,* 416 N.E.2d at 1306.

Since the responsible officer's personal liability for the tax is purely derivative, the application of a separate statute of limitations to the responsible officer's assessment makes no sense. Collection procedures against Ball were not barred by the statute of limitations because Huddle received a timely notice of assessment.

## IV. Interest & Penalties Assessed Against Responsible Officer.

■ Ball argues that the Department should not impose penalties and interest for the period after 1979 since he had no notice of the tax and would have paid it had he been aware of his personal liability for the tax. He argues that the Department's failure to provide notice deprived him of his opportunity to determine whether he was liable for the tax, and if so, to pay the tax and thereby avoid penalties and interest.

Ball claims that he believed that the corporation's tax debts were discharged in bankruptcy, so that he was unaware of the pendency of the corporate tax debt, as well as being unaware of his personal liability due to lack of notice. He also admits that he made no effort to determine the status of the corporation's debts after bankruptcy.

With respect to this issue, Ball's liability is, once again, purely derivative. Once Huddle was bound, so was Ball. Furthermore, Ball lacks a factual basis for asserting the abatement. The record shows that Ball did not receive a separate notice of tax due, but he did receive a separate notice of assessment. Although he testified that he didn't remember receiving the notice of assessment, a letter he wrote to the Department in January of 1979 strongly suggests that he did receive it. He stated, in part: "In regard to the enclosed copies of tax assessments sent to me and owed by Huddle...."

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the petitioner William H. Ball, Jr. take nothing by his petition. Judgment for respondent Indiana Department of State Revenue.