ALLISON, APPELLANT, *v.* LIMBACH, TAX COMMR., APPELLEE.

(No. 13771—Decided February 1, 1989.)

*Philip W. Murray,* for appellant.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Richard C. Farrin,* for appellee.

MAHONEY, P.J. Appellant, Howard M. Allison, appeals from the decision of the Board of Tax Appeals affirming a sales tax assessment against Allison. We affirm.

Assignments of Error

"1. There is insufficient evidence in this case indicating that appellant was personally liable for the corporate sales tax liability under the provisions of Ohio Revised Code Section 5739.33 or otherwise.

"2. Under the attendant facts and circumstances of this case, the Board of Tax Appeals' application of the decision of *Rowland* v. *Collins,* 48 Ohio St. 2d 311, in denying appellant the ability to attack the underlying corporate assessment is grossly and manifestly unfair and inequitable.

"3. A sales tax assessment against a corporation which under the law can only conduct a wholesale business in Ohio is void ab initio and cannot, therefore, bind corporate officers by their failure to file timely objections to such assessment."

In February 1981, Allison, an attorney, incorporated a company known as 4347 Company, Inc. ("company"). The purpose of the company was to sell fireworks. The incorporating documents identified Allison as the sole owner of the company. Allison testified that in fact it was a Mr. Lomaz who was the owner. Nevertheless, Allison stated that he was to

receive a percentage of the sales of the company, and that he was the attorney and spokesman for the company. It is undisputed that Allison was the only officer which the company had during its existence.

The Tax Commissioner levied a tax assessment against the company for failure to remit sales tax. This assessment was never challenged. Subsequently, the Tax Commissioner sought to recover the assessment from Allison personally as an officer of the company pursuant to R.C. 5739.33.

In assignments of error two and three Allison seeks to attack the validity of the underlying assessment against the company. However, our Supreme Court has clearly stated that "[o]nce the assessment against the corporation becomes conclusive by the failure to present objections thereto the officer is bound by the oscitancy of his corporation. * * *" *Rowland* v. *Collins* (1976), 48 Ohio St. 2d 311, 313, 2 O.O. 3d 450, 451, 358 N.E. 2d 582, 583. Accordingly, the arguments raised in assignments of error two and three are not properly before the court and are therefore overruled.

The remaining question before the court is whether the Board of Tax Appeals' finding that Allison as officer of the company is personally liable for the tax assessment against the company is correct. R.C. 5739.33 at the time of the tax assessment provided:

"If any corporation required to file returns and to remit tax due to the state under the provisions of sections 5739.01 to 5739.31, inclusive, of the Revised Code, fails for any reason to make such filing or payment, any of its officers, or employees having control or supervision of or charged with the responsibility of filing returns and making payments, shall be personally liable for such failure. The dissolution of a corporation shall not discharge an officer's or employee's liability for a

prior failure of the corporation to file returns or remit tax due. The sum due for such liability may be collected by assessment in the manner provided in section 5739.13 of the Revised Code."

We note that a determination of whether Allison is liable under R.C. 5739.33 by the Board of Tax Appeals is largely one of fact. The Board of Tax Appeals is vested with wide discretion in determining the credibility of witnesses and judging the weight of the evidence. *Cardinal Fed. S. & L. Assn.* v. *Cuyahoga Cty. Bd. of Revision* (1975), 44 Ohio St. 2d 13, 73 O.O. 2d 83, 336 N.E. 2d 433, paragraph three of the syllabus.

Upon review of the record, we find that the Board of Tax Appeals did not abuse its discretion in determining that Allison was liable under R.C. 5739.33 for the tax assessment against the company.

Allison's assignments of error are overruled and the judgment of the Board of Tax Appeals is affirmed.

*Judgment affirmed.*

QUILLIN and BAIRD, JJ., concur.