William H. BALL, Jr., Appellant,

v.

INDIANA DEPARTMENT OF
REVENUE, Appellee.

No. 49S00–8812–TA–979.

Supreme Court of Indiana.

Nov. 27, 1990.

Edward B. Hopper, II, Bret S. Clement, Bamberger & Feibleman, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., James R. Green, Kim Ohmart Laurin, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

On September 22, 1986, appellant William Ball filed a claim for refund with the Indiana Department of Revenue seeking reimbursement of $202,167.37. The Tax Court of Indiana, however, found for the Indiana Department of Revenue, hereinafter referred to as the Department, and ordered that appellant take nothing pursuant to his claim for refund. *Ball v. Indiana Dept. of Revenue* (1988), Ind.Tax, 525 N.E.2d 356.

Appellant now brings this direct appeal, pursuant to I.C. 33–3–5–15, asserting that he was deprived of due process in that he was not given proper notice of the assessment and thus did not have the opportunity

to protest such assessment. Appellant next maintains that the collection was barred in that the Department failed to issue a Notice of Tax Due within the three-year statute of limitations period. Finally, appellant contends that, based on the equitable doctrine of laches, he should be entitled to a refund of interest and penalties that accrued as a result of the Department's failure to collect the assessment in a timely manner.

 Appellant's burden on appeal is an onerous one as Tax Court Rule 10 provides that the Court on appeal shall not set aside the findings or judgment of the Tax Court unless clearly erroneous. A finding is clearly erroneous if, considering the record as a whole, the reviewing court is left with the definite and firm conviction that a mistake was made, even though there is some evidence to support the finding below. *Associated Milk Prod. v. Indiana Dept. of Revenue* (1989), Ind., 534 N.E.2d 715.

The facts in this instance are as follows. In 1975, the Department's records began to indicate that Huddle Systems, Inc., was not properly remitting retail sales taxes and employee withholding taxes. Pursuant to I.C. 6–2–1–49 (since repealed and replaced by I.C. 6–2.5–9–3) and I.C. 6–3–4–8, it is the retail merchant's responsibility to collect the sales tax from retail sales made and to withhold from its employees' pay checks adjusted gross income tax due. These taxes are monies belonging to the State and are to be held in trust for the State.

Upon the Department's finding that Huddle was not properly reporting such taxes, it commenced collection procedures pursuant to I.C. 6–2–1–17 (since repealed and replaced by I.C. 6–8.1–5–1). In June of 1975, the Department sent Huddle Systems, Inc. a CS–80 form, notice of proposed assessment, stating that Huddle was delinquent in submitting its withholding tax remittances. Over the course of the next three years, the Department sent Huddle sixteen such notices of proposed assessments for Huddle's delinquencies in failing to remit sales and withholding taxes. The statute provides that the taxpayer has thirty days to protest such assessments. Hud-

dle did not protest or object to any of these assessment notices. The Department followed each of these notice of assessment forms with a CS–40 form. The CS–40 form informs the taxpayer that a notice of tax due has previously been sent and that the balance due must be remitted in ten days or the taxpayer's account will be sent to the sheriff of the county for the issuance of a warrant and the collection of the amount due. Huddle made only sporadic payments in late 1978 and 1979. Thus, from 1975 through 1978, warrants for the collection of these assessments were issued with the Marion County Sheriff's office.

Appellant was the majority shareholder and chief executive officer of Huddle Systems from 1975 through 1979. Pursuant to the statute, I.C. 6–2.5–9–3, he was the responsible officer for Huddle, and thus was personally liable for these tax delinquencies. Ball does not dispute his status as responsible officer for Huddle. In November of 1978, the Department initiated supplemental collection procedures against appellant as a responsible officer for Huddle. The Department sent appellant a notice of assessment, a CS–80 form, via certified mail. This notice of assessment was never claimed by appellant and was subsequently returned to the Department.

In early January of 1979, the Department double-checked appellant's personal address and, finding no error, sent him three CS–40 forms via certified mail to the same home address as previously used informing him of the assessments owed and the date due. Appellant testified that, to the best of his knowledge, he never received these CS–40s. However, in a letter from appellant to the Department dated January 19, 1979, he referred to enclosed copies of tax assessments sent to him and owed by Huddle. The CS–40 forms contained explicit language informing appellant of his liability as a responsible officer.

In September of 1979, warrants against appellant were filed with the Marion County Sheriff's office. These warrants then became judgment liens against appellant which were valid for ten years and renewable. In 1985, when appellant's mother died

and left him a trust from her estate, the Sheriff levied on these personal assets to satisfy the warrants. Thus, on August 6, 1986, appellant paid $202,167.32 to satisfy these warrants.

■ Appellant's claim for refund was denied by the Tax Court. Appellant now appeals to this Court contending that he was not given proper notice and thus he was deprived of his due process right to notice and hearing. Appellant asserts that the Tax Court erred in finding that due notice of a tax assessment to a corporation constitutes due personal notice to the corporation's responsible officers. Appellant maintains that the lack of a separate notice to responsible officers, as sanctioned by the case of *Van Orman v. State* (1981), Ind. App., 416 N.E.2d 1301, cannot withstand the scrutiny of the due process clause of the Fourteenth Amendment.

Appellant is correct in his assertion that an essential element of due process of law is notice and the opportunity to be heard. In *Mullane v. Central Hanover Bank*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), the United States Supreme Court stated:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections....
>
> ....
>
> The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.

*Id.* at 314–15, 70 S.Ct. at 657, 95 L.Ed. at 873–74. These fundamental requirements of due process apply to processes initiated by the Department in their efforts to collect these taxes.

In *Van Orman,* however, the Court of Appeals held that separate and additional notice to the responsible officer of the corporation is not required where there is timely notice to the corporation of the assessment as the statute is, ipso facto, sufficient notice to the responsible officer that a

duty exists to remit the tax fund held in trust. *Van Orman,* 416 N.E.2d 1301. Under I.C. 6–2.5-9–3, only those persons who have a duty to remit such assessments can be held personally liable for the failure to remit those taxes that are to be held in trust for the State. Thus, because these persons serving the corporation have direct and immediate control of the internal corporate processes dealing with these entrusted funds, it may be safely assumed that they are aware of the responsible officer statute which is the source of their potential personal liability and that they are aware of and privy to corporate correspondence relating to their corporate duties including notices of assessment sent to the corporation. It is this character of the corporate duties of the person declared responsible by the statute which is at the heart of the Tax Court's statement that:

> [b]ecause his personal liability for the tax is purely derivative, he is also effectively apprised of his potential personal liability for the amount assessed against the corporation. Notice to the corporation is therefore reasonably calculated to apprise the responsible officer of his personal liability for corporate tax.

*Ball,* 525 N.E.2d at 358–59. Where the Department fully complies with I.C. 6–8.1–5–1 and provides the corporation with notice of the assessment, personal notice to the responsible officer then in charge is not required. Such notice to the corporation satisfies the due process requirement of notice and opportunity to be heard in that it is reasonably calculated to afford the responsible officer actual notice of the corporation's potential liability and his own potential liability.

Further, in this instance, the Department, in order to insure notice to the responsible officer, not only served notice upon Huddle, but it also sought to serve notice on appellant through certified mail. Donald St. Clair, administrator of the collection division with the Department, stated that it was the Department's policy to implement collection procedures against responsible officers in this manner even though not required by statute. The CS–

80s, notices of tax assessment, sent by certified mail were never claimed by appellant although they were sent to his proper address. The Department then sent appellant CS–40 notices informing him of when the assessment was due and of his personal liability for the tax remittances as a responsible officer.

These additional efforts to provide appellant with notice of his tax liability, while not required by statute, indicated a willingness to entertain any objections and further rebut appellant's claim that his due process rights were infringed upon. Standing alone, the Department's frequent notices to Huddle that an assessment was due provided appellant as a responsible officer with sufficient notice. Appellant stated that he thought that the assessments owed by Huddle had been paid during Huddle's bankruptcy proceedings, which occurred in 1979. These errant assumptions, however, warrant no special legal consequence in favor of the taxpayer. Appellant's due process rights were honored in this instance.

■ Appellant next contends that the collection of the tax claim was barred by the statute of limitations. Our resolution of appellant's first claim of error allows for the prompt disposition of this issue. I.C. 6–2–1–17 (since repealed and replaced by I.C. 6–8.1–5–2) provided that if the Department discovered that a taxpayer had failed to remit taxes due, it could issue to the taxpayer a notice of proposed assessment at any time within three years after the time when the annual return covering such gross income was filed. In this instance, the Department promptly issued a notice of proposed assessment informing the Huddle Corporation that it had failed to remit certain taxes due. Over the course of the next three years, the Department sent many other timely notices of proposed assessments to Huddle. These notices to Huddle constituted notice to appellant as a responsible officer for Huddle.

As a responsible officer, appellant is responsible for remitting these taxes held in trust for the State and thus is assumed to be aware of his personal liability and privy to any notices of assessment to the corporation. Appellant acknowledged that he was fully aware of Huddle's tax problems, and he further admitted that as the responsible officer for Huddle he knew that eventually he would be personally liable. The fact that the Department did not attempt to send a notice of assessment directly to appellant until late 1978 is of no consequence because timely notice to Huddle tolled the statute of limitations with respect to appellant. Thus, the collection of these trust tax delinquencies was not barred by the statute of limitations.

■ Finally, appellant maintains that the collection of interest and penalties on the base tax owed should be barred by the doctrine of laches. It has long been held that the issue of laches is viewed as a question of fact to be resolved by the trial court in the exercise of its sound discretion from the facts and circumstances of each case. *Frazier v. State* (1975), 263 Ind. 614, 335 N.E.2d 623. The decision of the trial court will not be disturbed on appeal absent an abuse of discretion. *Haas v. Holder* (1941), 218 Ind. 263, 32 N.E.2d 590. In this case, the Department issued the tax warrants with the Sheriff's office on September 4, 1979. They were filed with the clerk's office two days later and became judgment liens. These liens were good for ten years and could be renewed for an additional ten years. The collection of the tax was in the hands of the Sheriff's office after the Sheriff received these warrants. In August of 1986, after appellant had acquired personal assets that the Sheriff's office could seize upon, the warrants were satisfied. Thus, the Sheriff's office acted upon these liens well before the ten years had expired. There is no evidence to indicate that the collection of these taxes took place in an unusually dilatory manner, and thus the Tax Court's findings with respect to the issue of laches will not be disturbed.

The judgment of the Tax Court is affirmed.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.