NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3116-22

CHRISTOPHER GILL,

      Plaintiff-Appellant,

v.

DIRECTOR, DIVISION OF
TAXATION,

      Defendant-Respondent.

_____

**APPROVED FOR PUBLICATION**

**February 5, 2025**

**APPELLATE DIVISION**

Submitted November 6, 2024 – Decided February 5, 2025

Before Judges Firko, Bishop-Thompson, and Augostini.

On appeal from the Tax Court of New Jersey, Docket No. 4035-2021, whose opinion is reported at 33 N.J. Tax 182 (Tax 2023).

Agostino & Associates, PC, attorneys for appellant (Frank Agostino, on the briefs).

Matthew J. Platkin, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Judith M. O'Malley, Deputy Attorney General, on the brief).

McCarter & English, LLP and Law Office of Jamie M. Zug, attorneys for amicus curiae The Center for

Taxpayer Rights (Lawrence A. Sannicandro, Michael A. Guariglia and Jamie M. Zug, on the brief).

The opinion of the court was delivered by

AUGOSTINI, J.S.C. (temporarily assigned)

This tax appeal presents an issue of first impression: whether the four-year limitation period governing the additional assessment of the Sales and Use Tax (SUT) applies to the issuance of a Notice of Finding of Responsible Person (Responsible Person Notice) for SUTs that a corporation has acknowledged it owed. A merchant collects SUTs and holds them in trust "as trustee for and on account of the State." N.J.S.A. 54:32B-12(a). Thus, an officer or responsible person of a business is held personally liable for these taxes when the business fails to remit them to the State.

In a reported opinion, Tax Court Judge Kathi F. Fiamingo concluded that the issuance of a Responsible Person Notice for liability of SUT is not subject to a limitations period. 33 N.J. Tax 182 (Tax 2023). Plaintiff Christopher Gill appeals from the May 1, 2023, order denying, in part, his motion for summary judgment and granting, in part, defendant Division of Taxation's (Taxation) cross-motion for summary judgment. We granted leave to The Center for Taxpayer Rights to file an amicus brief, which supports plaintiff's contentions.

We conclude that the Responsible Person Notice is a collection tool for a previously determined, fixed, and final tax liability assessed against the business

and not an additional assessment. Therefore, we agree with the tax judge's determination that the issuance of a Responsible Person Notice for liability of SUT is not subject to a limitations period. Accordingly, we affirm the Tax Court's order denying, in part, plaintiff Christopher Gill's motion for summary judgment and granting, in part, defendant Division of Taxation's motion for summary judgment.

I.

We recite the undisputed material facts from the motion record. Plaintiff was the vice president and sole shareholder of Floor Resources, Inc. (Floor Resources), a New Jersey commercial floor company engaged in installation and demolition services. Plaintiff acknowledged that, during the relevant tax years, he was the person "most familiar with the business operations of the corporation, had ultimate decision-making authority, and oversaw all financial aspects of the company." Plaintiff was responsible for filing the "gross income tax-employer withholding returns (GIT-ERs) and [SUT] returns and to withhold and pay the taxes associated with these returns."

Plaintiff acknowledges that under his direction, Floor Resources filed, albeit late, the SUT returns (Form ST-50) for the second quarter of 2012 (April to June); the second quarter of 2013 (April to June); and the third quarter of

3

2013 (July to September). Floor Resources failed to remit a portion of the self-assessed taxes reported on these forms.

On August 8, 2013, Floor Resources filed for voluntary reorganization under Chapter 11 of the United States Bankruptcy Code. Plaintiff signed the requisite documents supporting the bankruptcy filing and listed the business's creditors. Taxation was listed as a creditor with priority claims in the bankruptcy proceeding, which included deficiencies for the GIT-ERs, and SUT returns. Specifically, Taxation submitted a priority proof of claim in the amount of $70,088.57 and a secured proof of claim in the amount of $109,494.07 in the Chapter 11 proceeding.

On July 29, 2014, the Chapter 11 bankruptcy matter was converted to a Chapter 7 liquidation. On November 29, 2016, a final decree was entered by the bankruptcy court. The State of New Jersey (State) did not receive any payment toward its claims.

On March 15, 2019, Taxation issued a Responsible Person Notice against plaintiff for the unpaid, self-assessed trust fund liabilities of Floor Resources. On June 11, 2019, plaintiff filed an administrative protest, contending that the assessments were barred by the statute of limitations. On December 16, 2020, Taxation issued a final determination, upholding the Responsible Person Notice "based upon the liabilities in this case being self-reported tax liabilities [reported

4

to Taxation] and related penalty and interest." Taxation found plaintiff, as the responsible person, jointly and severally liable for Floor Resources' unpaid taxes.

On March 12, 2021, plaintiff filed a complaint with the Tax Court, contesting Taxation's final determination and the timeliness of Taxation's issuance of the Responsible Person Notice. As the Tax Court judge noted, plaintiff did not contest the underlying determination of responsible party status or the amount of the SUT liabilities. Plaintiff filed a motion for summary judgment, and Taxation filed opposition and a cross-motion for summary judgment.

In a May 1, 2023, order, the judge granted in part and denied in part plaintiff's motion and Taxation's cross-motion for summary judgment, voiding the assessment of the penalty issued against plaintiff for the GIT-ERs[1] and affirming the SUT against plaintiff. In a comprehensive accompanying opinion, the judge reasoned that based upon the clear language of the Sales and Use Tax Act, (SUTA), N.J.S.A. 54:32B-1 to -55, there is no time limitation on the filing of a Responsible Person Notice because "the filing of the return, thus self-

---

[1] Plaintiff does not appeal the portion of the judge's May 1, 2023, order voiding the assessment of the penalty for the employer's gross income tax withholding.

assessing the tax at issue," is known to the responsible person, as is the duty to act. This appeal follows.

## II.

On appeal, plaintiff argues the judge erred in granting summary judgment to Taxation because: (1) she conflated the issue of a separate notice requirement with the issue of the applicability of a statute of limitations; (2) her interpretation of the statute obviates the legislative intent behind N.J.S.A. 54:32B-27(b); (3) she failed to consider that the application of N.J.S.A. 54:32B-2(w) and -14(a) as a procedural tool to "pierce the corporate veil"; (4) she failed to abide by the holdings in Lauckner v. United States, 68 F.3d 69 (3d Cir. 1995); and (5) she failed to consider the inequity of no statute of limitations.

Amicus The Center for Taxpayer Rights joins in plaintiff's arguments that Taxation's Responsible Person Notice is time-barred, arguing Taxation is required to provide notice to an alleged responsible person of deficient SUT liabilities within four years of the filing of SUT returns. Amicus adds the judge erred by applying inapplicable, non-SUT authorities to the SUTA analysis, and her decision implies perpetual exposure to SUT liability, which runs contrary to policy considerations and Legislative intent.[2]

---

[2] We disagree with amicus's assertion that the issue of whether the statute of limitations for SUT liabilities applies to a Responsible Person Notice is not an

We affirm substantially for the reasons set forth by Judge Fiamingo in her comprehensive written opinion. We add the following comments because there is no reported New Jersey case on point addressing this issue.

A. Our Standard of Review of a Tax Court Opinion

The scope of appellate review from a Tax Court determination on a motion for summary judgment is the same as that applicable to a determination made by any other trial court, which is de novo. 125 Monitor St. v. City of Jersey City, 23 N.J. Tax 9, 13 (Tax 2005). However, our Supreme Court has recognized the Tax Court's expertise in tax litigation. Waksal v. Dir., Div. of Tax'n, 215 N.J. 224, 231 (2013). "While 'factual findings of a Tax Court judge are entitled to deference because of that court's expertise in the field, the judge's interpretation of a statute is not entitled to such deference and is subject to our de novo review.'" Ibid. (quoting Advance Hous., Inc. v. Twp. of Teaneck, 422 N.J. Super. 317, 327 (App. Div. 2011)).

We "review a grant of summary judgment de novo, applying the same standard as the trial court." Norman Int'l, Inc. v. Admiral Ins. Co., 251 N.J. 538,

---

issue of first impression based upon unpublished cases. An unpublished opinion does not constitute precedent, nor is it binding upon us, "[e]xcept for appellate opinions not approved for publication that have been reported in New Jersey Tax Court Reports . . . and except to the extent required by res judicata, collateral estoppel, the single controversy doctrine, or similar principle of law." R. 1:36-3.

549 (2022) (quoting Woytas v. Greenwood Tree Experts, Inc., 237 N.J. 501, 511 (2019)). Thus, "[w]e 'consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, 'are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party.'" Invs. Bank v. Torres, 457 N.J. Super. 53, 57 (App. Div. 2018) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)).

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). "If there is no genuine issue of material fact, we must then 'decide whether the trial court correctly interpreted the law.'" DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013).

B. Sales and Use Tax Act

SUTA was "enacted as a revenue raising measure" and governs the collection of New Jersey sales taxes from the customer or purchaser. Atl. City Showboat, Inc. v. Dir., Div. of Tax'n, 26 N.J. Tax 234, 251 (Tax 2012), aff'd, 28 N.J. Tax 335 (App. Div. 2013); N.J.S.A. 54:32B-12(a). The vendor or business owner is responsible for collecting the tax from the customer who is responsible

for paying the tax.  See N.J.S.A. 54:32B-12(a).  "The Act 'squarely places on the vendor the obligation of establishing that it correctly reports its collections of tax.'"  La Troncal Food Corp. v. Dir., Div. of Tax'n, 33 N.J. Tax 435, 455 (Tax 2024) (quoting Yilmaz, Inc. v. Dir., Div. of Tax'n, 22 N.J. Tax 204, 230 (Tax 2005), aff'd 390 N.J. Super. 435 (App. Div. 2007)).

The person who collects the taxes holds them in trust for the State until they are remitted pursuant to N.J.S.A. 54:32B-18.  See N.J.S.A. 54:32B-12(a). Thus, these taxes, collected on behalf of the State, are sometimes referred to as trust funds.  Cf. Ball v. Ind. Dep't of Revenue, 563 N.E.2d 522, 524 (Ind. 1990). The SUTs are self-assessed, and a person required to collect or pay the tax under SUTA is required to file a monthly return, unless otherwise permitted by the director.  N.J.S.A. 54:32B-17(a), (b).  Moreover, "[p]ersons who are required to collect the [SUT] are personally liable for the tax imposed, collected or required to be collected."  Connolly, Dromsky-Reed, Gordon, Donio, Stella, McLoughlin & Quinn, New Jersey Tax Handbook § 3-17 (2025 ed.) (citing N.J.S.A. 54:32B-14).  In a corporation, a person responsible for collecting the sales taxes includes "any officer or employee of a corporation or of a dissolved corporation who as such officer or employee is under a duty to act for such corporation in complying with any requirement of this act and any member of a partnership."  N.J.S.A. 54:32B-2(w).

If a corporation fails to file its SUT return or the amount of tax due is insufficient or incorrect, the director shall determine the amount of tax due. N.J.S.A. 54:32B-19. A "[n]otice of such determination shall be given to the person liable for the collection or payment of the tax." Ibid. In other words, if the corporation fails to remit the SUT collected on behalf of the State, the Responsible Person Notice shall be given to the individual "under a duty to act" for the corporation and remit the SUTs collected. N.J.S.A. 54:32B-2(w). Thus, the Responsible Person Notice provides Taxation with an alternative collection method for the self-assessed SUTs and any deficiencies owed by the corporation.

Regarding notice and limitations of time, N.J.S.A. 54:32B-27(b) of SUTA provides:

> The provisions of law relative to limitations of time for the enforcement of a civil remedy shall not apply to any proceeding or action taken by the State or the director to levy, appraise, assess, determine or enforce the collection of any tax or penalty provided by this act. However, except in the case of a willfully false or fraudulent return with intent to evade the tax, no assessment of additional tax shall be made after the expiration of more than four years from the date of the filing of a return; provided, however, that where no return has been filed as provided by law the tax may be assessed at any time.

The four-year statute of limitations clearly applies to the assessment of additional taxes and penalties. The statute provides no time limitation, however, to action taken by the State to enforce collection of any tax.

Further, pursuant to N.J.S.A. 54:49-6(b) of the State Uniform Tax Procedure Law, assessments of additional taxes or penalties are subject to the four-year time limitation:

> a. After a return or report is filed under the provisions of any State tax law, the director shall cause the same to be examined and may make such further audit or investigation as the director may deem necessary, and if therefrom the director shall determine that there is a deficiency with respect to the payment of any tax due under such law, the director shall assess the additional taxes, penalties, if any, pursuant to any State tax law or pursuant to this subtitle, and interest at the rate of three percentage points above the prime rate due the State from such taxpayer assessed for each month or fraction thereof, compounded annually at the end of each year, from the date the tax was originally due until the date of actual payment, give notice of such assessment to the taxpayer, and make demand upon the taxpayer for payment.
>
> b. No assessment of additional tax shall be made after the expiration of more than four years from the date of the filing of a return; provided, that in the case of a false or fraudulent return with intent to evade tax, or failure to file a return, the tax may be assessed at any time. If a shorter time for the assessment of additional tax is fixed by the law imposing the tax, the shorter time shall govern. If, before the expiration of the period prescribed herein for the assessment of additional tax, a taxpayer consents in writing that such period may be extended, the amount of such additional tax due may be

determined at any time within such extended period. The period so extended may be further extended by subsequent consents in writing made before the expiration of the extended period. For purposes of this subsection, a return filed before the last day prescribed by law or by regulations promulgated pursuant to law for the filing thereof, shall be considered as filed on such last day.

The primary question is whether the filing of the Responsible Person Notice is subject to the ordinary four-year statutory limit, applicable to additional tax assessments. As the judge found, the imposition of liability is not a penalty assessment, nor an additional tax assessment. The judge further reasoned that this finding comports with the intent of the Legislature; namely, to impose liability on the responsible person at the same time as, and in the same manner as, the corporation. The filing of the SUT return constitutes the assessment of the tax both against the responsible person and corporation simultaneously.

Moreover, N.J.S.A. 54:32B-19 provides a ninety-day period in which to challenge the underlying SUT assessment by requesting a hearing. Unless a hearing is requested, the determination of the assessment "shall finally and irrevocably fix the tax." N.J.S.A. 54:32B-19. The statute does not provide an additional ninety-day period within which to challenge the underlying assessment once the Responsible Person Notice is issued, thereby adding further support to the judge's finding that the Responsible Person Notice is not an

12

additional assessment. <u>Millwork Installation, Inc. v. State Dep't of the Treasury, Div. of Tax'n</u>, 25 N.J. Tax 452 (Tax 2010); <u>see</u> <u>Kowasaki, Inc. v. State, Div., of Tax'n</u>, 13 N.J. Tax 160, 167-68 (Tax 1993).

Plaintiff contends that a Responsible Person Notice is an assessment of the SUT owed by the corporation because it is the first time Taxation determines that the individual is personally liable for the tax. He further argues the notice must be served no later than four years following the filing date of the returns. Amicus Taxpayer for Center Rights concurs and argues that Taxation is required to give notice to an alleged responsible person of liability within four years of the filing of the SUT return pursuant to the Taxpayers' Bill of Rights, codified in pertinent part at N.J.S.A. 54:49-6 and N.J.S.A. 54:32B-27(b). <u>L.</u> 1992, <u>c.</u> 175, §§ 3, 33.

We conclude, however, that the Responsible Person Notice is a collection tool for a previously determined, fixed, and final tax liability assessed against the corporation and not an additional assessment. Unlike an individual's personal income tax, the SUTs are taxes a vendor is required to collect from customers and hold in trust for the State until the return is filed, and the taxes are remitted.

Regarding plaintiff's assertion that the judge failed to abide by the holding in <u>Lauckner v. United States</u>, Civ. No. 93-1594, 1994 WL 837464 (D.N.J. May

13 <span>A-3116-22</span>

4, 1994), aff'd o.b., 68 F.3d 69 (3d Cir. 1995)[3], this argument is unavailing.  In Lauckner, a case addressing a penalty assessment against a responsible officer of a corporation for unpaid employment withholding taxes, the court held the Internal Revenue Service (IRS) was time-barred from assessing a penalty against the responsible officer.  The judge analyzed the District Court's decision in the context of examining whether plaintiff's liability for employer gross income tax withholding was subject to the statute of limitations, an issue that is not before us on this appeal.  Moreover, Lauckner involved an "additional assessment" of a penalty after the statute of limitations had expired, and not the payment of the self-assessed SUT, which is at issue here.

Contrary to plaintiff's and amicus's assertions, the out-of-state cases identified by the judge support her analysis of this issue.  These cases offer guidance as to how other states interpreting their state statutes and federal law have resolved this issue.  United States v. Galletti, 541 U.S. 114, 123 (2004) ("Once a tax has been properly assessed, nothing in the [Tax] Code requires the IRS to duplicate its efforts by separately assessing the same tax against

---

[3]  "[M]indful of its obligation not to cite to unpublished decisions[,] R. 1:36-3[,]" the tax court judge "cite[d] Judge Sarokin's opinion to give context to the decision of the [a]ppellate [c]ourt which affirmed the lower court's decision 'for the reasons given in the district court's opinion reported at Lauckner v. United States, Civ. No. 93-1594, 1994 WL 837464 (D.N.J. May 4, 1994).'"  Lauckner, 68 F.3d 69.

individuals or entities who are not the actual taxpayers but are, by reason of state law, liable for payment of the taxpayer's debt. The consequences of the assessment—in this case the extension of the statute of limitations for collection of the debt—attach to the tax debt without reference to the special circumstances of the secondarily liable parties."); Ball, 563 N.E.2d at 525 (holding that collection of trust tax delinquencies against the responsible officer is not barred by the statute of limitations based on notices of assessment to corporations and awareness of corporate duties); Livingstone v. Dep't of Treasury, 456 N.W.2d 684, 686 (Mich. 1990) (holding Michigan use tax statute of limitations does not bar assessment of use taxes applicable to a corporate officer held personally liable for the use taxes corporation failed to pay); Van Orman v. State, 416 N.E.2d 1301, 1306 (Ind. Ct. App. 1981) (finding responsible person of corporation aware that corporation failed to pay the SUT due, and thus, no personal notice necessary within a three year statute of limitations).

Finally, plaintiff argues the judge failed to consider the inequity of having no statute of limitations applicable to the Responsible Person Notice. We reject this assertion. The clear Legislative intent of the SUTA is to ensure collection of the SUT and to prevent evasion. N.J.S.A. 54:32B-12(b). A merchant who, on behalf of the State, collects SUT holds it in trust "as trustee for and on account of the State." N.J.S.A. 54:32B-12(a). These are monies belonging to the State

and not to the merchant, and the merchant is responsible for ensuring the timely remittance of such funds. Thus, an officer or responsible person of a corporation is held personally liable for these taxes when the corporation fails to remit them to the State.

Plaintiff, as the responsible person for Floor Resources, knew of the business's tax deficiencies, failed to make provisions for the satisfaction of the SUT debt when due, and now "simply cannot be allowed to take advantage of [his] own omissions." Livingstone, 456 N.W.2d at 696.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3116-22